**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MATHIAS ETENGENENG AGBOR,

*Petitioner*,

v. No. 2:26-cv-00530-SMD-JMR

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

*Respondents*.

**ORDER REQUIRING SUPPLEMENTAL EVIDENCE REGARDING REMOVAL**

THIS MATTER comes before the Court following Respondents' November 6, 2026 supplemental filings (Docs. 27, 28), submitted pursuant to the Court's October 28, 2026 Order (Doc. 23). Having reviewed the submissions, the record, and the evidence presented at the October 27, 2026 hearing, the Court finds that further evidence concerning Respondents' current removal arrangements is necessary.

**BACKGROUND**

Petitioner Mathias Etengeneng Agbor is a citizen of Cameroon who entered the United States in February 2025 and has remained in immigration custody since his apprehension, approximately 21 months. Respondents contend that his removal order became final in January 2026. The Court does not resolve the precise commencement of the statutory removal period in this Order.

Petitioner sought protection after allegedly suffering persecution arising from his humanitarian work in Cameroon. His filings include declarations describing threats against him

and his family, violence against relatives, and the destruction of his property. *See* Case No. 2:26-cv-00563, Doc. 1 at 45–46, 56. He also submitted a purported wanted notice and medical records documenting injuries he attributes to physical abuse in Cameroon. *Id.* at 64, 67–70. Petitioner previously received a positive credible-fear determination for Cameroon.

On November 20, 2025, an Immigration Judge granted Petitioner voluntary departure to Brazil, with Cameroon designated as the alternate country of removal. No. 2:26-cv-00563, Doc. 19 at 7–9. As Respondents acknowledge, Petitioner independently obtained transportation to Brazil for December 9, 2025, but Immigration and Customs Enforcement ("ICE") prevented his departure because the itinerary included an unescorted domestic connection in Houston. Doc. 28 at 7.

Respondents subsequently attributed the inability to arrange travel to Brazil to difficulties involving Petitioner's Brazilian visa or refugee documentation. Petitioner maintains that his visa remained valid. *See* No. 2:26-cv-00563, Doc. 19 at 18–19. The record does not establish through the underlying communications whether Brazilian authorities would have refused his admission on December 9.

On March 23, 2026, ICE arranged Petitioner's departure to Nigeria through Atlanta, with a domestic connection longer in length than the Houston connection previously deemed unacceptable. *See* Doc. 28-4 at 2. The Government's travel paperwork also incorrectly identified Petitioner as Nigerian. *See* Doc. 28-3. Petitioner testified that he was asked to sign documents misidentifying his nationality. Pedro J. Perez, Sr., an Acting Supervisory Detention and Deportation Officer with ICE, stated that, to his knowledge, Petitioner was not asked to sign any documents. Doc. 28-2 ¶ 7. His declaration also recounts information obtained from another officer concerning the attempted departure. *Id.* ¶ 5.

The Court does not resolve these factual disputes here. Nevertheless, the Government's acknowledged prevention of Petitioner's departure to Brazil, its differing treatment of domestic connections, and its admitted error concerning Petitioner's nationality raise substantial concerns about the handling of his removal efforts.

Following the October 27 hearing, the Court denied Respondents' emergency motion without prejudice and required supplemental briefing. Doc. 23. Respondents' November 6 submissions clarify their legal position. Docs. 27, 28. The Court recognizes the existence of a final removal order and does not undertake to review its validity or adjudicate Petitioner's eligibility for immigration relief.

The Government now proposes to remove Petitioner to Cameroon, where he alleges that he previously suffered persecution and where he fears returning. Petitioner previously received a positive credible-fear determination concerning that country. Although that determination does not establish entitlement to protection from removal, the seriousness of his allegations underscores the importance of accurate representations concerning the Government's proposed removal arrangements.

## DISCUSSION

The Court has jurisdiction under 28 U.S.C. § 2241 to consider the legality of Petitioner's immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Under 8 U.S.C. § 1231(a)(6), post-removal-period detention must remain reasonably related to effectuating removal. *Id*. at 689, 699–701. After six months of detention, following the commencement of the statutory removal period, if a petitioner provides good reason to believe removal is not significantly likely in the reasonably foreseeable future, the Government must respond with evidence sufficient to

rebut that showing. *Id.* at 701. The Court's jurisdiction over detention does not extend to reviewing the validity of a final removal order. *See* 8 U.S.C. § 1252(a)(5).

Petitioner has remained detained for nearly two years. During that period, he secured his own transportation to Brazil, which ICE prevented him from using. The Government subsequently arranged travel to Nigeria using a longer domestic connection and paperwork incorrectly identifying his nationality. Respondents' supplemental submissions do not adequately reconcile these events or establish that Petitioner's unsuccessful departures were attributable to his own conduct.

Respondents also represent that arrangements have been made to remove Petitioner to Cameroon. *See* Doc. 28 at 9. But their submission does not identify a currently confirmed departure or provide sufficient evidence establishing when removal can be accomplished.

Without that evidence, the Court cannot meaningfully assess whether Petitioner's continued detention remains reasonably related to effectuating his removal.

Finally, Respondents seek relief from the existing transfer and removal restriction through supplemental briefing rather than a separately filed motion. The Court has already denied their prior motion without prejudice. Doc. 23. Any renewed request must be presented by a properly supported motion.

The Court expects accuracy, diligence, and candor from the United States. Petitioner has remained in immigration custody for more than twenty months after coming to the United States to seek asylum. Respondents now propose returning him to the country where he alleges persecution and fears further harm. The Court does not adjudicate those protection claims here, but their seriousness underscores the need for a complete and reliable record. Respondents must address the identified discrepancies directly and support their account with evidence, including

facts unfavorable to their position. They have had ample opportunity to address the Court's concerns. The Court expects better.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that Respondents **SHALL,** no later than 5:00 p.m. Mountain Standard Time on November 25, 2026, file a supplemental status report supported by a sworn declaration from an ICE official with personal knowledge of Petitioner's current removal arrangements. Respondents **SHALL**:

1. Identify whether a flight to Cameroon is currently booked or confirmed, including the departure date, itinerary, and supporting documentation. If none is confirmed, they must state so expressly;
2. Confirm whether all necessary travel documents and authorizations have been obtained, including any required arrangements with Cameroonian authorities;
3. Identify any remaining obstacles to removal, the steps being taken to resolve them, and the anticipated timetable supported by specific facts;
4. Provide documentary support for these representations, distinguishing confirmed arrangements from anticipated arrangements and identifying the declarant's basis of knowledge.

Respondents may seek leave to submit sensitive operational information under seal in accordance with the applicable rules.

**IT IS FURTHER ORDERED** that any request to modify or lift the Court's existing restriction SHALL be made by separate motion supported by the relevant evidence and legal authority. The Court will not construe Respondents' supplemental briefing as such a motion.

**IT IS FURTHER ORDERED** that the restrictions imposed by the Court's April 17, 2026 Order (Doc. 8) remain in effect pending further order of the Court.

The Court reserves determination of Petitioner's habeas claims.

**IT IS SO ORDERED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**